UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOEL A. GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-CV-168-HAB |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Joel A. Gray's ("Gray") appeal of the Social Security Administration's Decision dated September 16, 2022 (the "Decision") which found that Gray was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be reversed and remanded.

**ANALYSIS**

*Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations

omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**Procedural Background**

Gray filed for disability benefits in January 2021 alleging he became disabled on December 7, 2020. His claim was denied initially and on reconsideration. In July 2022, a hearing was held before an ALJ. On September 16, 2022, the ALJ issued a Decision finding Gray not disabled. This appeal followed.

*The ALJ's Decision*

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). If step four is answered in the affirmative, the inquiry stops and the claimant is found to be not disabled. If step four is answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Gray did not engage in substantial gainful activity since December 7, 2020, the alleged onset date.  At step two, the ALJ determined that Gray has the non-severe impairments of: hypertension, hyperlipidemia, cataracts, and irritable bowel syndrome

(IBS). (R. 18). The ALJ further found that Gray has the following severe impairments: coronary artery disease and diabetes mellitus II, with neuropathy. (R. 17).

At step three, the ALJ found that Gray did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)". (R. 18). At step four, the ALJ found that Gray had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours, stand or walk for 4 hours; push/pull as much as he can lift/carry; the claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally; the claimant must avoid concentrated exposure to work at unprotected heights, work around moving mechanical parts, or vibration.

(R. 18).

Also at step four, the ALJ found that Gray is capable of performing past relevant work as a security guard. (R. 21). Thus, Gray was found to be "not disabled" as defined in the Social Security Act.. (R. 22).

*Medical Background*

Gray is presently 63 years old. His medical records indicate that he has heart disease, diabetes, neuropathy, fatigue, vertigo, abdominal pain, and diarrhea. (R. 291-370, 391-496, 973). His primary care provider, Donna Zemen, APN, has noted that he suffers from severe lower extremity pain, numbness, and tingling; weakness and lightheadedness when changing positions;

difficulties with fatigue; medication side effects (tiredness); and problems with diarrhea. (R. 623-38, 914-18, 981-82).

In June 2021, APN Zemen completed a questionnaire setting forth that Gray had coronary artery disease, congestive heart failure, diabetes, and neuropathy. (R. 594). Zemen opined that Gray could stand/walk for less than two hours total in a workday and sit for about two hours total in a workday, with the need to walk around and take unscheduled breaks. (R. 595).

In January 2021, M. Siddiqui, M.D., examined Gray for the Agency. Dr. Siddiqui opined that Gray had cataracts in both eyes, with vision reduced to 20/50. (R. 974). Gray also exhibited decreased sensation in both feet, some unsteadiness walking on his heels and toes, and abnormal deep tendon reflexes. (R. 974). Dr. Siddiqui opined that Gray had diabetes mellitus with diabetic peripheral neuropathy; coronary atherosclerotic heart disease, status post coronary artery stents placement, irritable bowel syndrome; hypersomnolence; and weakness. J. Sands, M.D., reviewed the medical record for the Agency and concluded that Gray could perform a range of light work with occasional postural activities and no concentrated exposure to hazards (R. 76-89).

At the hearing, Gray testified that he had suffered two heart attacks and that his neuropathy caused him difficulties. (R. 39-40, 47). Gray testified that in his job as a parking lot security guard he was in a vehicle part of the time, but had to exit his vehicle to verify badges. (R. 33-35, 46). He further testified that he was fired due to falling asleep, as his medication made him drowsy. (R. 45, 48).

***The ALJ's Finding That Gray Could Perform Past Work***

The ALJ found that Gray could perform past relevant work as a security guard as generally performed and as he performed it. (R. 18, 21-22). Gray notes that this is a crucial issue because if

he cannot perform his past relevant work he would be found disabled under the Medical-Vocational Guidelines, considering his age, vocational factors, and limitation to a range of light work. 20 C.F.R. Pt. 404, Subpart P, Appendix 2, Rule 202.04.

In support of remand, Gray argues that the ALJ failed to follow Social Security Ruling 82-62. This Ruling mandates that an ALJ must set forth the specific demands of Gray's past work and compare them to his abilities. In *Sevec v. Kijakazi*, 59 F.4th, 293, 300 (7th Cir. 2023), the Seventh Circuit held that ALJ's must "adhere to the standards in Social Security Ruling 82-62" and noted that this determination "'has far-reaching implications and must be developed and explained fully in the disability decision'". *Id.*, quoting SSR 82-62.  In *Nolan v. Sullivan*, 939 F.2d 516, 519 (7th Cir. 1991), the Seventh Circuit held that "the ALJ must specify the duties involved in a prior job and assess the claimant's ability to perform the specific tasks."

Here, the ALJ's entire discussion of whether Gray can perform his past work consists of one paragraph:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform said work (as a security guard), both as actually and as generally performed. The claimant's work as actually performed, as testified to by the vocational expert at the hearing, was at the sedentary exertional level. The claimant's work as generally performed in the national economy is at the light exertional level, per the vocational expert's testimony. Based upon the vocational expert's testimony (in accordance with SSR 00-4P) that a hypothetical individual with the same age, education, work experience, and residual functional capacity as the claimant could perform the work as a "security guard", both as actually and as generally performed, the undersigned finds that the claimant could resume his past relevant work.

(R. 22).

The Commissioner attempts to support the ALJ's Decision by pointing out that "the

vocational expert testimony here did not contain any errors that would caste [sic] doubt on the reliability of his testimony...." (Response at 14).  Clearly, though, the ALJ cannot satisfy his SSR 82-62 duty to articulate how a claimant can perform his past work solely by cryptically relying on VE testimony. Simply because VE testimony does not contain errors (such as mis-identifying a job title) does not mean that the conclusions of the VE are necessarily correct.  Rather, the ALJ must, in the Decision, after a comparison of the claimant's limitations and the requirements of the past work, articulate how the claimant is able to perform the work.  In this case, the ALJ found, in the RFC, that Gray is able to sit for six hours, and stand/walk for four hours. (R. 18).  Yet the requirements of the job of security guard, as generally performed, undisputedly requires six hours standing/walking, as it is classified as "light work". (R. 22, 50, SSR 83-10).  Additionally, the job as performed by Gray, requires six and a half hours of sitting, and Gray is limited to six hours of sitting in an 8-hour workday. (R. 22, 50, Ex. 7E-2).  Due to the absence of any explanation as to how Gray, with his limitations, would be able to perform his past work either as he performed it in the past or as generally performed in the national economy, the Court must remand this case.

### *The ALJ's Evaluation of Opinion Evidence*

Gray has further argued that the ALJ erred in his evaluation of the treating opinion evidence and that this issue also needs to be considered on remand.  Specifically, Gray contends that the ALJ failed to properly assess the opinion from APN Zemen as the ALJ, *inter alia*, factually erred in finding an absence of neurological deficits and provided no rationale for limiting Gray to six hours of sitting when APN Zemen opined he could only sit for a few hours.  The Commissioner, in response, has offered weak *post hoc* rationalizations of the ALJ's Decision but woefully fails to address the errors of which Gray complains.  Thus, the Court orders remand on this issue also.

## CONCLUSION

For the reasons set forth above, the Defendants' Decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings consistent with this Opinion.  The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

SO ORDERED on March 8, 2024.

/s / Holly A. Brady
HOLLY A. BRADY, CHIEF JUDGE
UNITED STATES DISTRICT COURT